IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SOMMER SHERIE STEWARD,**

    Petitioner,

    v.

**WARDEN, DAYTON CORRECTIONAL INSTITUTE,**

    Respondent.

CASE NO. 2:21-CV-5940
Judge Michael H. Watson
Magistrate Judge Elizabeth A. P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a pro se petition seeking a writ of habeas corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action.  This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

The docket reflects that Petitioner has paid the required filing fees.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4.  If it does so appear, the petition must be dismissed.  *Id*.  Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).  For the reasons that follow, it plainly appears that

Petitioner's manifest weight claim (Ground Five) is not cognizable. Accordingly, the Undersigned **RECOMMENDS** that this claim be **DISMISSED**. As described below, however, Respondent is **ORDERED** to file an answer, motion, or other response to Petitioner's remaining claims in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 5") within **SIXTY (60) DAYS** of the date that this Order and Report and Recommendation is filed. Petitioner shall have **TWENTY-ONE (21) DAYS** after Respondent responds to the petition to file a Reply.

## Relevant Facts and Procedure

Petitioner states that she was convicted after a jury trial in the Court of Common Pleas for Franklin County, Ohio, in an action docketed under Case No. 17–CR–4210. (ECF No. 1, at PageID # 1–2.) She further states that in that she was convicted of two counts of felonious assault in violation of O.R.C. § 2903.11, and one count of discharging a firearm at or into a habitation in violation of O.R.C. § 2923.161. (*Id*.; ECF No. 1–1, at PageID # 19–20.) The attachments to the petition reveal that Petitioner was sentenced to a term of imprisonment for two years as to each of the three counts to run consecutive to a three-year firearm specification for two of the counts for a total aggregate sentence of eight years. (ECF No. 1–1, at PageID # 19–20.)

Plaintiff states that she unsuccessfully appealed her convictions in the Court of Appeals for Ohio's Tenth Appellate District. (ECF No. 1, at PageID # 2.) Plaintiff urges, and the attachments to her petition show that she raised the following five assignments of error in that state court appeal: 1) her convictions were not supported by sufficient evidence; 2) the trial court erred when instructing the jury about impeachment evidence; 3) she received ineffective assistance of trial counsel; 4) the trial court erred when failing to grant her motion to exclude

2

certain firearm evidence; and that 5) her convictions were against the manifest weight of the evidence. (ECF No. 1, at PageID # 2; ECF 1–2, at PageID # 30, 32.) Plaintiff also alleges that she subsequently sought review in the Ohio Supreme Court where she raised the same five issues. (ECF No. 1, at PageID # 5–6, 7–8, 9–10, 10–11, 13.) Plaintiff indicates, and the on-line docket for that Court[1] shows that the Ohio Supreme Court declined jurisdiction over her appeal on December 29, 2020. (ECF No. 1–1, at PageID # 17.)

On December 27, 2021, Petitioner filed the *instant* petition by placing it in an institutional mailing system. (ECF No. 1–1, at PAGE ID # 16.) In it, she alleges five grounds for habeas relief that correspond to the five claims that she allegedly raised in her state court appeal proceedings.

## Law and Analysis

Petitioner's manifest weight claim (Ground Five) should be dismissed because it does not provide a basis for federal habeas relief. *See Williams v. Jenkins*, No. 1:15cv00567, 2016 WL 2583803, at *7 (N.D. Ohio Feb. 22, 2016) (citing *Nash v. Eberlin*, 258 Fed. App'x. 761, 765, n.4 (6th Cir. 2007)); *Norton v. Sloan*, No. 1:16–cv–854, 2016 WL 525561, at *5 (N.D. Ohio Feb. 9, 2017) (citing *Ross v. Pineda*, No. 3:10–cv–391, 2011 WL 1337102, at *3 (S.D. Ohio)) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law."); *see also Taylor v. Warden, Lebanon Correctional Inst.*, 2017 WL 1163858, at *10–11 (S.D. Ohio March 29, 2017) (same) (citations omitted). Under Ohio law, a claim that a verdict was against the manifest weight of the evidence—as opposed to one based upon

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

insufficient evidence—requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Because a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, Petitioner's claim that her convictions were against the manifest weight of the evidence is not cognizable in a federal habeas action.

### Recommended Disposition

For the reasons set forth above, it is **RECOMMENDED** Petitioner's manifest weight claim (Ground Five) be **DISMISSED**.

The Undersigned further **ORDERS** Respondent to file an answer, motion, or other response to the remaining claims in the petition in accordance with Rule 5 in the United States District Courts within **SIXTY (60) DAYS** of the date that this Order is filed.

Before filing any response to the petition, the Respondent must file those portions of the transcripts needed to adjudicate this case and the state court record in accordance with the provisions of Rule 5(c) and (d) of the Rules Governing § 2254 Cases. When those documents are filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing, Respondent's counsel shall ensure that any borders on parts of the record or transcripts (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The filings shall be indexed by insertion of "bookmarks" in the .pdf version of the state court

record uploaded to the Court's CM/ECF system, which display each exhibit and the name of that exhibit in the record.

Respondent must serve Petitioner with complete copies of the response to the petition, transcripts, and the state court record with PageID numbers at the time of filing.  Service must be accomplished in accordance with the pertinent provisions of Fed. R. Civ. P. Rule 5(b).  If service cannot be accomplished through the Court's CM/ECF filing system, Respondent must file a certificate of service pursuant to Fed. R. Civ. P. Rule 5(d)(1)(B).

Petitioner shall have **TWENTY-ONE (21) DAYS** after Respondent responds to the petition to file and serve a Reply.

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

Date:  January 26, 2022                                                         */s/ Elizabeth A. Preston Deavers*
                                                                                                **ELIZABETH A. PRESTON DEAVERS**
                                                                                                **UNITED STATES MAGISTRATE JUDGE**